**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0721n.06
Filed: October 4, 2006

**05-4540**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DALE J. SHANNON, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BENEFITS |
| v. | ) | REVIEW BOARD |
| | ) | |
| DIRECTOR, Office of Workers' | ) | |
| Compensation Programs, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  MARTIN and DAUGHTREY, Circuit Judges, and REEVES,[*] District Judge.

PER CURIAM.  Dale Shannon seeks review of an order of Benefits Review Board affirming the denial of his application for black lung disability benefits. Because the decision below was based on substantial evidence that Shannon's impairment due to pneumoconiosis does not render him totally disabled, we must deny the petition to review.

The administrative law judge who heard the petitioner's case ruled that some, if not all, of Shannon's employment satisfied the Sixth Circuit's two-pronged function-situs test as elaborated in *Director, OWCP v. Consolidation Coal Co.*, 884 F.2d 926, 929, 932 (6th Cir. 1989), and, therefore, that Shannon was a "miner" under the Black Lung Benefits Act,

---

[*]The Hon. Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

30 U.S.C. §§ 901-945. However, because of the sporadic nature of the work and the lack of accurate records, the ALJ was unable to calculate the actual length of time that could be attributed to coal mine employment. Accordingly, the ALJ remanded the matter to the Director after questioning the reliability of a Department-sponsored physical exam, performed by Dr. Glen Baker, because its conclusion was based on an inaccurate number of years of coal mine employment. The order of remand requested further development of the evidence as to length of coal mine employment and a credible pulmonary evaluation.

In response, the Director filed a motion to reconsider, contending that a remand was unnecessary because the medical evidence wholly failed to indicate that Shannon was disabled and that a more precise determination of his coal mine employment history was irrelevant. The ALJ granted this motion and decided the case on the merits, finding that the petitioner had failed to establish the two elements necessary to recover under the Act, *i.e.*, that he was totally disabled due to pneumoconiosis and that the pneumoconiosis was caused by his coal dust exposure. Shannon had submitted reports from two Department-sponsored examinations, both performed by Dr. Glen Baker, the first in January 19, 1999, and the second almost two years later, in December 2001. They were summarized by the ALJ, in part, as follows:

> Dr. Baker opined that Claimant has pneumoconiosis caused by coal dust exposure but that he had no pulmonary impairments. The arterial blood gas tests and pulmonary function tests produced non-qualifying values. Where no evidence exists in the record that Claimant is totally disabled or totally disabled due to pneumoconiosis, I find that this claim fails.

The Benefits Review Board found that the ALJ's decision denying Shannon benefits was supported by substantial evidence:

> Pursuant to Section 718.204(b)(2)(ii), the administrative law judge noted accurately that the pulmonary function and blood gas studies conducted by Dr. Baker on December 7, 2001 were non-qualifying. Additionally, review of the record discloses no evidence of core pulmonale with right-sided congestive heart failure, evidence that would be necessary to support a finding of total disability under Section 718.204(b)(2)(iii). Pursuant to Section 718.204(b)(2)(iv), the administrative law judge reviewed Dr. Baker's December 7, 2001 medical report and observed accurately that Dr. Baker found claimant to have no pulmonary impairment. As substantial evidence supports the administrative law judge's findings, and the record contains no other evidence that claimant is totally disabled, we affirm the administrative law judge's finding that claimant did not establish that he is totally disabled pursuant to Section 718.204(b)(2).

In a footnote, the Board addressed the fact that the ALJ did not specifically discuss Dr. Baker's January 1999 medical report diagnosing Shannon with "minimal" or "mild" impairment from pneumoconiosis and chronic bronchitis and concluding that Shannon was not totally disabled. The Board determined that "[a]ny error by the administrative law judge was harmless, as Dr. Baker's 1999 report, and the non-qualifying objective tests accompanying that report, could only support the administrative law judge's finding that the record contains no evidence of a totally disabling respiratory or pulmonary impairment." The Board affirmed the denial of benefits, and Shannon now seeks review of that order.

Like the Board, we review the ALJ's decision only to decide whether substantial evidence supports it and whether it is in accordance with the applicable law. *See Kentland Elkhorn Coal Corp. v. Hall*, 287 F.3d 555, 559 (6th Cir. 2002); *Glen Coal Co. v. Seals*, 147

F.3d 502, 510 (6th Cir. 1998)*.* We do not reweigh the evidence or substitute our judgement for that of the ALJ. *See Gray v. SLC Coal Co.*, 176 F.3d 382, 387 (6th Cir. 1999).

In his *pro se* petition, Shannon argues that the Board assessed his level of disability only with regard to pneumoconiosis and disregarded his heart disease. Shannon claims that taken together, his lung and heart impairments render him totally disabled and, further, that because of the interdependence of the cardiac and pulmonary systems, without the pneumoconiosis he would have no heart trouble. Therefore, he claims, his total disability is a consequence of his exposure to coal mine dust.

The flaw in this contention is the absence of any medical evidence that the claimant is, in fact, totally disabled. Shannon submitted no such evidence, and the record is thus completely void of any proof that would establish this predicate fact. The Act exists to compensate not all disability but, specifically, total disability due to pneumoconiosis, *see* 20 C.F.R. § 718.204(a), which is defined generally as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 20 C.F.R. § 718.201(a). In order to qualify as totally disabled, a miner must have a pulmonary or respiratory impairment that, standing alone, prevents the miner from performing his or her usual coal mine work and from engaging in gainful employment in the immediate area of his or her residence. *See* C.F.R. § 718.204(b)(1)(i)-(ii). In determining total disability:

> [A]ny nonpulmonary or nonrespiratory condition or disease, which causes an independent disability unrelated to the miner's pulmonary or respiratory disability, shall not be considered in determining whether a miner is totally disabled due to pneumoconiosis. If, however, a nonpulmonary or nonrespiratory condition or disease causes a chronic respiratory or pulmonary impairment, that condition or disease shall be considered in determining whether the miner is or was totally disabled due to pneumoconiosis.

20 C.F.R. §718.204(a). The miner bears the burden of proving that he is totally disabled. *See Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 281 (1994). The miner may meet this burden by producing qualifying arterial blood gas or pulmonary function tests or a physician's "reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques . . . that [the] miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment." 20 C.F.R. 718.204(b)(1)(iv).

The regulatory scheme provides guidelines by which the results of two tests – pulmonary function and arterial blood-gas tests – may qualify a miner as totally disabled. *See* 20 C.F.R. § 718.204(b)(2); 20 C.F.R. Pt. 718, Apps. B and C. These two tests were performed by Dr. Baker on Shannon, on two separate occasions. On January 29, 1999, Dr. Baker summarized both the pulmonary function and arterial blood gas test results as "within normal limits." Although Dr. Baker diagnosed Shannon with pneumoconiosis, chronic bronchitis, and ischemic heart disease with left ventricular dysfunction, he also indicated that Shannon's pulmonary impairment was "mild" and indicated that he had the respiratory capacity to perform the work of a coal miner (or comparable work in a dust-free

environment). On December 7, 2001, Dr. Baker recorded similar results: Shannon's pulmonary function and arterial blood gas test results were within normal limits, and his level of impairment was "minimal."

Given the fact that these two reports from Dr. Baker are the only medical evidence in the record, we conclude that Shannon has failed to establish that he is totally disabled. We therefore sustain the decision of the ALJ and DENY review of the Board's order affirming that decision.